UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORY D. SMITH,

                Plaintiff,

v.                                                           Case No. 22-cv-1555-pp

MILWAUKEE COUNTY,
MILWAUKEE COUNTY SHERIFF DEPARTMENT
and MILWAUKEE COUNTY JAIL,

                Defendants.

---

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A
AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO PAY FILING FEE (DKT. NO. 4)**

---

Cory D. Smith, who is confined at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal law. This decision screens his complaint. Dkt. No. 1. On December 28, 2022, the clerk's office sent the plaintiff a letter requesting that within twenty-one days he either pay the full filing fee or file a motion to proceed without prepaying the filing fee. Dkt. No. 2. On January 17, 2023, the court received from the plaintiff a motion for extension of time to pay the filing fee, dkt. no. 4, and on January 18, the court received from the plaintiff the full filing fee. The court will deny the motion for an extension of time.

**I. Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff has sued Milwaukee County, the Milwaukee County Sheriff's Department and the Milwaukee County Jail. Dkt. No. 1 at 1. He alleges that since his arrival at the jail in November 2020, he has been subjected to the jail's stringent confinement practices. Id. at 4. He says that from November 2020 until late July 2021, there was a consistent practice of confining half of the jail's residents to their cells "for a period of 26.5 hours per day, every other day in alternating patterns." Id. at 4 ¶5. The plaintiff says that the justification for the confinement practice was "COVID-19 Protocol" designed to "protect/prevent" occupants from contracting the virus. Id. He alleges that the protocols failed because he contracted COVID-19 twice while at the jail, once in September 2021 and again in January 2022. Id. at 4 ¶6. The plaintiff asserts that although the jail imposed rigorous testing, confinement and quarantine practices on detained and incarcerated persons, the facility and the sheriff's

3

department didn't require consistent testing of employees, "thus contributing to the continual spike in Covid Positive residents." Id. at ¶7. The plaintiff alleges that after occupants received the COVID-19 vaccination in April 2021, they did not have to be confined in their cells as much. Id. at 5 ¶8. But jail staff allegedly continued the practice for unvaccinated individuals (like the plaintiff), in violation of HIPAA laws. Id.

The plaintiff alleges that, despite ceasing the 26.5-hour lock in practice, the jail violated federal guidelines by repeatedly confining individuals to cells for more than twenty-three hours. Id. at 5 ¶9. He says this happened on January 3 and 7, February 3, March 20, April 14 (on which the plaintiff says an employee of the sheriff's department taunted persons on his pod about the fact that they would not be coming out, and would not be fed, for three days), and June 3, 15 and 19, 2022. Id. at 5-6 ¶9. On June 19, 2022, toilets in the plaintiff's pod allegedly were disabled and incarcerated individuals had to eat, sleep and remain with urine and fecal matter in their cell toilets for hours at a time. Id. at ¶9.

The plaintiff alleges that "[b]eing forced to live in unsanitary conditions are [] normal, as common areas like showers and day rooms, etc., are rarely properly sanitized, presenting various health hazards." Id. at ¶10. He says that on February 17, 2022, fecal matter was left in standing water in a broom closet for several weeks, and on that same date, the plaintiff witnessed medical staff draw blood while food trays were being served nearby. Id. The plaintiff alleges that on March 14, 2022, an incarcerated individual in another cell had a sink

4

clogged with standing water for three days which inhibited the individual's ability to get clean drinking water in the cell. Id. Also, on July 29, 2022, black mold was allegedly reported in every shower, and it took nine days for a biohazard team to clean it. Id. The plaintiff says that due to the lock-in policy, people began to develop health issues such as diabetes, eating out of boredom, depression and mental health problems. Id. at ¶11.

In addition to the problems with the conditions of the jail, the plaintiff alleges that he experienced judicial and prosecutorial misconduct that amounted to due process violations. Id. at ¶12. He describes alleged violations of state law by "Milwaukee County's circuit court representatives" including the judge and the D.A. relating to the plaintiff's criminal conviction. Id. at ¶13. The plaintiff alleges that the D.A. attempted to coerce him to accept a plea in haste by leaving a plea offer open for only twenty-four hours and presenting it as the plaintiff's best and seemingly only option; misleading the plaintiff; openly stating that he would not receive a fair trial from the judge; and not allowing him sufficient time to consider his options. Id. at ¶14. The plaintiff alleges that on November 18, 2021, the defendants' "prosecutorial representative" suppressed exculpatory evidence in his criminal case. Id. at ¶15. He cites other misconduct the DA allegedly engaged in during his criminal court proceedings. Id. at ¶¶16-17. And he alleges that the defendants' "judicial representative" engaged in misconduct and demonstrated bias during his criminal proceedings. Id. at ¶¶18-20.

5

The plaintiff claims that Milwaukee County's circuit court representatives engaged in prosecutorial and judicial misconduct in violation of his constitutional rights. Id. at pages 14-15, ¶¶1-4.[1] He claims that the judge and the DA violated his right to a speedy trial and his Sixth Amendment right to counsel. Id. at page 13, ¶¶1-2. The plaintiff also claims that the defendants subjected him to inhumane conditions of confinement based on the punitive and stringent lock-up policies, unsafe conditions and haphazard upkeep of the facility. Id. at page 16, ¶¶1-2. He further claims that the foregoing violated his right to equal protection. Id. at page 17, ¶¶1-2. For relief, the plaintiff seeks declaratory relief, compensatory damages and punitive damages. Id. at page 18, ¶¶1-4.

C. Analysis

Before turning to the plaintiff's substantive claims: the court notes that the plaintiff cannot sue the Milwaukee County Jail or the Milwaukee County Sheriff's Department under §1983. The Milwaukee County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State

---

[1] In his "Claims for Relief" section starting on page 13 of the complaint, the plaintiff categorizes his claims and numbers the subparagraphs under those categories starting with the number "1." So the complaint has several paragraphs numbered "1," "2," etc. The court inserts page numbers for the claims, to avoid confusion.

law determines whether an entity has that capacity. Webb v. Franklin Cty. Jail, No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Milwaukee County Jail and the Milwaukee County Sheriff's Department do not have the capacity to be sued, the court will dismiss them as defendants.

Nor may the plaintiff proceed with claims against the judge or prosecutor for the actions described in his complaint. Judges are entitled to absolute immunity from suit for money damages for their judicial conduct. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Forrester v. White, 484 U.S. 219, 225-29 (1988); Richman v. Sheahan, 270 F.3d 430, 434 (7th Cir. 2001). In addition, absolute immunity shields a prosecutor's conduct as an advocate that is "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976). Even if the plaintiff could proceed against the judge and prosecutor for actions they took in his criminal case that allegedly violated his due process rights, to the extent that any of the charges against him have been resolved by conviction, his claims necessarily would imply the

7

invalidity of his criminal conviction or sentence and therefore would be barred by the rule set in Heck v. Humphrey, 512 U.S. 477, 487 (1994).

But it appears that the criminal charges have not been resolved, and thus that the plaintiff's claims against the judge and the prosecutor are premature. It appears that the plaintiff's case is still pending in Milwaukee County Circuit Court. See State v. Smith, Case No. 2020CF004169 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov. Under Younger v. Harris, 401 U.S. 37 (1971), "individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts: '[I]f a person is believed to have violated a state law, the state has instituted a criminal disciplinary or other enforcement proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding." Forty One News, Inc. v. Cty, of Lake, 491 F.3d 662, 665 (7th Cir. 2007) (quoting Nader v. Keith, 385 F.3d 729, 732 (7th Cir. 2004)). The plaintiff still may challenge any alleged prosecutorial or judicial errors or misconduct in the state court system, by filing motions to reconsider and, if he is convicted and sentenced, appeals and post-conviction motions. This court may not intervene in the state proceedings while they are pending.

That brings the court to the kinds of claims a defendant may bring in a §1983 lawsuit. The plaintiff alleges that he has been subjected to unlawful conditions of confinement at the Milwaukee County Jail. A pretrial detainee's constitutional rights may be violated when jail officials act unreasonably to

8

objectively serious living conditions that deprive the detainee of basic human needs. See Smith v. Dart, 803 F.3d 304, 309-10 (7th Cir. 2015) "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" Id. (quoting Bell, 441 U.S. at 538–39). To prevail on his claim that the conditions of pretrial confinement violate the Constitution, a detainee must prove that (1) the conditions in question are or were objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, "not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

The plaintiff's allegations that the jail had a practice of confining incarcerated individuals to their cells during the COVID-19 pandemic does not meet this standard because the plaintiff alleges that the purpose of the practice was not punitive but was to protect and prevent individuals from contracting the virus.

The plaintiff also alleges that subsequently he has been subjected to unlawful confinement practices and unsanitary conditions that impose health

9

Case 2:22-cv-01555-PP    Filed 07/18/23    Page 9 of 14    Document 7

hazards. The plaintiff alleges that the jail has violated "federal guidelines by repeatedly confining individuals to cells for more than twenty-three hours" and that he has experienced and/or witnessed various unsanitary conditions or practices.

The court cannot fully evaluate the plaintiff's allegations because it is not clear what conditions the plaintiff has been subjected to personally and what conditions he has witnessed other persons being subjected to. The plaintiff may not necessarily sue defendants based on conditions he witnessed but did not personally experience, like a staff member drawing blood from another incarcerated individual near food. The plaintiff may seek relief only for unsanitary conditions the plaintiff *himself* was subjected to, and the court can't determine from this complaint what those were. The court will dismiss the complaint, but it will give the plaintiff an opportunity to file an amended complaint.

The plaintiff may file an amended complaint to raise his issues regarding the conditions of his confinement at the jail. If the plaintiff names individual jail staff members as defendants, for them to be liable under 42 U.S.C. §1983 he must describe how each individual was personally involved in subjecting him to the unconstitutional conditions. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). For liability to attach, the individual defendant must have caused or participated in a constitutional violation. Hildebrandt v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir.

10

2003). As for supervisors, the personal responsibility requirement is satisfied if the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent. Id. In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)).

To establish liability against Milwaukee County, the plaintiff must allege: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." Waters v. City of Chi., 580 F.3d 575, 581 (7th Cir. 2009) (quoting Estate of Sims ex rel. Sims v. Cty. of Bureau, 506 F.3d 509, 515 (7th Cir. 2007)).

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He

11

should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint. The plaintiff must repeat in the amended complaint any facts from the original complaint that are necessary to his claims.

## II. Conclusion

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to pay filing fee. Dkt. No. 4.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **August 11, 2023**. If the plaintiff files an amended complaint in time for the court to *receive* it by the above deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss the case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 18th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**