UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORY D. SMITH,

                Plaintiff,

v.                                              Case No. 22-cv-1555-pp

MILWAKEE COUNTY,
MILWAUKEE COUNTY SHERIFF DEPARTMENT
and MILWAUKEE COUNTY JAIL,

                Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

Cory D. Smith, who is incarcerated at the Milwaukee County Jail and representing himself, filed this case alleging that the defendants violated his constitutional rights. Dkt. No. 1. On July 18, 2023, the court screened the complaint under 28 U.S.C. §1915A and concluded that it failed to state a claim. Dkt. No. 7 at 12. The court gave the plaintiff the opportunity to file an amended complaint, but ordered that he must do so in time for the court to receive the amended complaint by August 11, 2023; the court warned that if he didn't file an amended complaint the court would dismiss the case based on the failure of the original complaint to state a claim. Id. The court sent the order and a blank amended complaint form to the plaintiff at the Milwaukee County Jail; the order was not returned to the court by the U.S. Postal Service and, according to the Milwaukee County Sheriff's "In Custody Locator," the plaintiff still is detained at the jail. www.incustodysearch.mkesheriff.org.

1

So, there is no indication that the plaintiff did not receive the court's order and the amended complaint form, but he has not filed an amended complaint by the deadline the court set. As it said it would do in its previous order, the court will dismiss the plaintiff's complaint for failure to state a claim.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The clerk's office will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of September, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**